AE

**In The United States District Court**
**For The Northern District Of Illinois**
**Eastern Division**

| | |
|---|---|
| **Commodity Futures Trading Commission,**<br>Plaintiff,<br>v.<br>**Peter D. Hoffman,**<br>Defendant. | Civil Action No. 06C 6473<br>Judge Joan H. Lefkow<br>Magistrate Judge Cole |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION**
**AND OTHER ANCILLARY RELIEF AGAINST DEFENDANT PETER HOFFMAN**

On November 28, 2006, Plaintiff Commodity Futures Trading Commission ("Commission") filed a Complaint against the Defendant, Peter D. Hoffman ("Hoffman"), seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 *et seq.* (2002) and the Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 *et. seq.* (2006). On November 29, 2006, the Court entered a Statutory Restraining Order against the defendant.

Hoffman, without admitting the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order and states that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce him to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and Defendant Hoffman hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), in that Defendant Hoffman is found in, inhabits, or transacts business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3. Defendant Hoffman waives the entry of findings of facts and conclusions of law for the purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED THAT:**

1. The Defendant, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendant and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendant, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(i) and (iii) of the Act; 7 U.S.C. § 6b(a)(2)(i) and (iii);

B. Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity option transactions, in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b) and Commission Regulation 33.10, 17 C.F.R. § 33.10;

C. While acting as a CTA, employing any device, scheme, or artifice to defraud any client or prospective client; or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1); and

D. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. 4.14(a)(9) (2006), or acting as a principal, agent or officer or employee of any person registered, required to be registered or exempted from registration with the Commission unless such exemption is pursuant to Commission Regulation 4.14(a)(9),17 C.F.R. 4.14(a)(9) (2006).

2. The Defendant, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendant and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendant, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Engaging in, controlling, or directing the trading of any commodity futures and options accounts, on his own behalf or on behalf of any other person or entity, whether by power of attorney or otherwise;

B. Introducing customers to any other person engaged in the business of trading in commodity futures and options;

C. Placing orders, giving advice or price quotations or other information in connection with the purchase or sale of commodity futures and options contracts for himself and others; and

D. Otherwise engaging in any business activities related to commodity futures and options trading that require registration.

3. The Defendant, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendant and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in

concert or participation with the Defendant, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendant, wherever located, including all such records concerning the Defendant's business operations; and

B. Refusing to permit authorized representatives of the Commission to inspect, when and as requested by those representatives, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendant, wherever located, including all such records concerning Defendant's business operations.

4. Until further order of this Court, Defendant and each firm, corporation, partnership, association or other person or entity which holds or is a depository of his funds, securities, assets or other property of any kind, is prohibited from directly or indirectly transferring, withdrawing, removing or disposing of any such funds, securities, assets or other property of, or within the custody, control or possession of the Defendant, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of customers, wherever located, whether held in the name of the Defendant or otherwise, and the assets affected by this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order; except that Defendant Hoffman is allowed to draw upon and/or use existing funds in Key Bank account ending in 8796 in the name of the PDJ Hoffman Family Limited Partnership to satisfy reasonable, ordinary and necessary living expenses up to a maximum of $3,000 per calendar month.

5. The injunctive provisions of this Order shall be binding on the Defendant, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or

attorney of the Defendant and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with the Defendant.

6. The Defendant shall prepare, sign and file with the Court, by 9 A.M., January 8, 2006, a complete and accurate accounting for the period of April 1999, to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

A. All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by the Defendant, whether individually or jointly, including accounts or assets of the Defendant held by financial institutions located outside the territorial United States;

B. All funds, securities, commodity interests, assets and other property received directly or indirectly by the Defendant, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendant held by financial institutions located outside the territorial United States;

C. All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by the Defendant, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendant held by financial institutions located outside the territorial United States; and

D. The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by the Defendant.

7. The Defendant is directed to allow representatives of the Commission, when and as requested by those representatives, to inspect the books, records and other electronically stored data, tape recordings, and other documents of the Defendant and his agents, including all such records of his business operations, wherever they are situated and whether they are in the

hands of the Defendant or others, and to copy said documents, data, and records either on or off the premises where they may be located.

8. It is further ordered that copies of this Order may be served by any means, including facsimile transmission, electronic transmission, and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendant, or that may be subject to any provision of this Order. Thomas Koprowski, William Heitner, Cynthia Cannon, and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

10. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

Dated: December 13, 2006

CONSENTED TO AND APPROVED BY:

Peter D. Hoffman
300 N. State Street, Suite 5029
Chicago, IL 60610

Jennifer S. Diamond
Trial Attorney
(312) 596-0549
*jdiamond@cftc.gov*
COMMODITY FUTURES TRADING COMMISSION
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0714 (facsimile)

IT IS SO ORDERED.

Date: December 13, 2006

The Honorable Joan H. Lefkow
UNITED STATES DISTRICT JUDGE
Northern District of Illinois